PRESIDENT, DIRECTORS AND COMPANY OF THE BEVERLY BANK *vs.* RICHARD WILKINSON.

A dissent to the discharge of an insolvent debtor, filed by one of his creditors, within six months after the assignment, pursuant to *St.* 1844, *c.* 178, § 4, could not be withdrawn by the creditor without the judicial consent of the master in chancery, obtained upon the creditor's written application, after notice to other creditors interested.

ASSUMPSIT on a promissory note. Defence, a certificate of discharge in insolvency.

At the trial in the court of common pleas, there was evidence of the following facts : The first meeting of the defendant's creditors, at which assignees were chosen, and an assignment made to them, was held on the 31st of August 1847. On the 20th of October, J. A. Ferris, one of said creditors, filed a written dissent to the defendant's discharge. On the 18th of January 1848 the assignees presented their accounts, by which it appeared that they had no funds in their hands for creditors; and other creditors, constituting with Ferris a majority in value, filed their dissent in writing to the discharge. On the 28th of February, Ferris withdrew his dissent, leaving the dissenting creditors less than a majority in value ; and on the 1st of March the master in chancery granted to the defendant a certificate of discharge. *Bishop,* J. instructed the jury that the discharge was invalid, and they returned a verdict for the plaintiff. The defendant alleged exceptions.

By *St.* 1844, *c.* 178, § 4, if the assets of the estate of any insolvent debtor pay less than fifty per cent. of the claims proved against his estate, he shall be discharged from all claims against his estate, (excepting fiduciary debts,) unless a majority in value of his creditors, who shall have proved their claims, shall dissent therefrom within six months after the date of the assignment; and if they do thus dissent, he shall not be discharged. By *St.* 1848, *c.* 304, § 16, this section, and so much of the insolvent laws as gives jurisdiction to judges of probate and masters in chancery in cases of insolvency, are repealed; but § 17 of that act

provides that it shall not affect proceedings commenced before it shall take effect.

The arguments were had at November term 1853.

*F. W. Choate*, for the defendant.

*O. P. Lord*, for the plaintiffs.

THOMAS, J. The instructions were right. The creditor had his election to file his dissent or not; but it by no means follows that, having made his election, and filed his dissent, he could withdraw it at his pleasure. In the dissent, when filed, the other creditors became interested, and their rights liable to be affected by the withdrawal, to the same extent as his own. If such dissent, therefore, could be withdrawn — and we do not decide that it could not — it could only be with the judicial consent of the master in chancery, for good cause shown, upon the written application of the dissenting creditor, and after notice to the other creditors interested. Such consent might perhaps be granted, if the master was satisfied that the dissent of the creditor was filed under a mistake or misapprehension of material facts, or that the filing of such dissent was procured or induced by fraudulent representations of other creditors.

But without assuming to state the causes for which the master might grant leave to withdraw the dissent, we are of opinion that without such decree it could not be done. The law presumes the act to be done deliberately. It attaches to it important consequences to the debtor, and to the other creditors. To allow creditors to file and withdraw their dissent when they pleased, and as often as they pleased, would lead to great confusion and embarrassment in proceedings in insolvency, and that by conferring a power upon the creditors, which neither the language of the statute, nor any reasonable construction of it confers.

It was suggested, in the argument, that the creditor could withdraw the proof of his claim, and thus in effect withdraw his dissent. But we do not understand that this can be done without the judicial action of the master. In the case of *Morse* v. *Lowell*, 7 Met. 152, leave to withdraw had been granted by the bankrupt court, upon petition, and after notice

and cause shown. In the case of *Bemis* v. *Smith*, 10 Met. 194, a creditor was allowed to file, in set-off to an action against him on covenants of warranty, a debt which had been proved in insolvency; but this was on the ground that the proof was inadvertently made, and that his equitable rights under § 3 of *St.* 1838, *c.* 163, were not to be barred by a mere mistake. In the case of *Safford* v. *Slade*, 11 Cush. 29, leave to withdraw had bee granted by the commissioner. · These cases by no means sustain the position that a creditor may at his pleasure withdraw the proof of his claim. *Exceptions overruled.*